# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1351V
Filed: July 18, 2025

```
* * * * * * * * * * * * * * * * * * * * * * * *
ROBERT SILVER,                              *
                                            *
                    Petitioner,             *
         v.                                 *
                                            *
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
                    Respondent.             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Nancy R. Meyers, Esq.,* Turning Point Litigation, Greensboro, NC, for petitioner.
*Austin J. Egan, Esq.,* US Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On May 13, 2021, Robert Silver ("Mr. Silver" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleges that he developed immune thrombocytopenia ("ITP") after receiving an influenza vaccine on November 6, 2019. *See* Petition ("Pet."), ECF No. 1.  On December 26, 2024, a decision adopting the parties' stipulation was issued. ECF No. 52.

On March 4, 2025, petitioner filed a Motion for Final Attorneys' Fees and Costs pursuant to Section 15(e) of the Vaccine Act. Motion, ECF No. 57. Respondent filed his response on March 11, 2025, stating he was satisfied that the statutory requirements for an award of fees and costs

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

were met. Response, ECF No. 58. Petitioner filed a reply on the same date, concurring with respondent's recommendation that the undersigned exercise her discretion to determine a reasonable award. Reply, ECF No. 59.

Petitioner requested $53,327.07, representing $41,687.00 in fees and $11,640.07 in costs. Petitioner's motion for fees and costs in the amount of **$53,327.07** is granted for the reasons set forth below.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human*

*Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3] Ms. Meyers has been awarded non-forum rates, given that the substantial majority of the work on her cases are performed in North Carolina. *See Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701 (Fed. Cl. Spec. Mstr. May 20, 2016).

Petitioner requests the following hourly rates for the work of his counsel Ms. Meyers and her firm:

| Name | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| Nancy Meyers | $400 | $430 | $460 | $490 | $530 | $530 |
| L. Cooper Harrell | - | - | $430 | $460 | $490 | $490 |
| Hillary Kies | - | - | $370 | $390 | $410 | $410 |
| Tyler Nullmeyer | - | - | $275 | $290 | $290 | $350 |
| Paralegals | $150 | $155 | $160 | $165 | $180 | $180 |

Motion at 3. These rates are consistent with prior awards in similar cases and with the rates as set forth in the Fee Schedule. *See Kelleher v. Sec'y of Health & Human Servs.*, No. 16-1307V, 2022 WL 17968778 (Fed. Cl. Spec. Mstr. Dec. 7, 2022); *Sutton v. Sec'y of Health & Human Servs.*, No. 19-1887V, 2023 WL 9099853 (Fed. Cl. Spec. Mstr. Nov. 1, 2023); *Karriker v. Sec'y of Health & Human Servs.*, No. 19-227V, 2024 WL 5266738 (Fed. Cl. Spec. Mstr. Nov. 26, 2024). It does not appear that an hourly rate for 2025 has been set for anyone at Ms. Meyers' firm. Nevertheless, based on review of the billing record, I find the overall amount billed in 2025 to be reasonable.

**B. Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Petitioner is requesting a total of $41,687.00 in attorneys' fees incurred by Turning Point Litigation for their work on this matter from 2020 to 2024. Motion at 22-23. Respondent has not indicated that he finds any of the entries to be objectionable. *See* Response.

Upon review, the undersigned finds that the number of hours billed appears reasonable. *See* Motion at 4-45. The billing entries adequately describe the work performed and corresponded with the amount of time spent on that work.

Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $41,687.00.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). The majority of the costs requested pertain to expert fees for Dr. Lawrence Steinman, a neurologist retained by petitioner. Dr. Steinman billed at a rate of $550 per hour for a total of 20 hours of work performed in 2022 and 2023, and requests of $11,000.00 in expert fees. *See* Motion at 1-2, 24. His invoice documents time spent reviewing petitioner's medical records and preparing an expert report in support of petitioner's claim. This hourly rate is consistent with amounts previously awarded for Dr. Steinman's service in Vaccine Act proceedings. *See*, e.g., *Morrison v. Sec'y of Health & Human Servs.*, No. 18-386V, 2023 WL 1873254, at *7 (Fed. Cl. Spec. Mstr. Feb. 10, 2023); *Mason v. Sec'y of Health & Human Servs.*, 2022 WL 4693380, at *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022). The time billed is reasonable in light of the complexity of the medical records addressed, and petitioner has adequately documented the expense.

Petitioner also seeks reimbursement of $640.07 in other litigation costs incurred by the Turning Point Litigation law firm. *See* Motion at 23. These include filing fees, postage, legal

research charges, and the cost of obtaining medical records. *Id.* Petitioner has provided documentation for these expenses. *Id.* at 24-45. Petitioner confirmed that he personally incurred no costs related to this matter. *Id.* at 46.

Respondent raised no specific objections to the requested costs and deferred to my discretion to determine a reasonable award. *See* Response. Thus, upon review, the undersigned finds that the requested costs appear reasonable.

Accordingly, petitioner is awarded a total of $11,640.07 in litigation costs.

### III.  Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED in full**. Petitioner is hereby awarded attorneys' fees and costs in the **total amount of $53,327.07,** representing $41,687.00 in fees and costs and $11,640.07 in costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).